EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 1 4 2023

By _____ Deputy
Jasmine Segura

BY FAX

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ruan Transportation Management Services, Inc., an Iowa corporation;
and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Brandon Lane, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Superior Court 247 West Third Street, San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):* CIVSB 2303598 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gary S. Brotman (287726); Marquee Law Group, A.P.C.; 9100 Wilshire Blvd., Suite 445 East Tower, Beverly Hills, CA 90212; T: (310) 275-1844

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* APR 1 4 2023 | Clerk, by *(Secretario)* _____ Jasmine Segura | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ruan Transport Corporation, an Iowa corporation
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]



EXHIBIT A
PAGE 16

Gary Brotman (SBN 287726)
gary@marqueelaw.com
Conor James Diego Gómez (SBN 337395)
diego@marqueelaw.com
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
(310) 275-1844 telephone
(310) 275-1801 fax

Attorneys for Plaintiff
BRANDON LANE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JAN 27 2023

BY: _____
        Jasmine Segura, Deputy

COPY

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNADINO

CIV SB 2 3 0 9 5 9 0

| | |
|---|---|
| BRANDON LANE, an individual; | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | |
| | 1. **Retaliation in Violation of Cal. Labor Code § 1102.5;** |
| RUAN TRANSPORTATION MANAGEMENT SERVICES, INC., an Iowa Corporation; and DOES 1 through 50, inclusive. | 2. **Retaliation in Violation of Cal. Labor Code § 6310;** |
| | 3. **Retaliation in Violation of Cal. Labor Code § 232.5;** |
| Defendants. | 4. **Wrongful Termination in Violation of Public Policy (Count I);** |
| | 5. **Wrongful Termination in Violation of Public Policy (Count II); and** |
| | 6. **Wrongful Termination in Violation of Public Policy (Count III).** |

Plaintiff alleges:

## PARTIES

1.    Plaintiff, Brandon Lane ("Plaintiff" herein), is, and at all relevant times was, a

resident of Apple Valley, California.

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Ruan

Transportation Management Services, Inc. ("Ruan") is, and at all relevant times was, a

EXHIBIT A
PAGE 17

1    corporation organized and existing under the laws of the state of Iowa, qualified to do business in

2    the State of California, with its principal place of business located at 666 Grand Avenue, Des

3    Moines, IA 50309.

4         3.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein

5    as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

6    Plaintiff will amend this Complaint to allege the true names and capacities of said defendants

7    when ascertained. Plaintiff is informed and believes, and based thereon allege, that each of the

8    fictitiously named defendants is responsible in some manner for the occurrences herein alleged,

9    and that Plaintiff's damages as herein alleged were proximately caused by said defendants.

10   (Ruan and DOES 1 through 50 shall collectively herein be referred to as "Defendants").

11        4.    At all relevant times herein, Defendants employed Plaintiff, within the meaning of

12   California Government Code § 12926(d). Plaintiff was employed by Defendants and worked at

13   Defendant's facility located at 3105 N. Mango Ave, Rialto, CA 92377 until, as alleged herein,

14   Plaintiff's employment was terminated on or about July 5, 2022, for unlawful reasons in

15   violation of California labor law (California Labor Code §§1102.5 and 6310) and in violation of

16   California public policy.

17        5.    Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and

18   based thereon alleges, that each of the Defendants sued herein was, at all relevant times hereto,

19   the employer, owner, principal, franchisee, proxy, agent, employee, supervisor, representative,

20   manager, managing agent, joint employer, and/or alter ego of the remaining Defendants, and was

21   acting, at least in part, within the course and scope of such employment and agency, with express

22   and implied permission, consent, and knowledge. The above Defendants, managing agents, and

23   supervisors aided, abetted, condoned, permitted, willfully ignored, approved, authorized, and/or

24   ratified the unlawful acts described herein, and each and every one of the acts and omissions

25   alleged herein were performed by, and/or are attributable to all Defendants.

26

27

28

EXHIBIT A
PAGE 18

**JURISDICTION**

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were doing business in the State of California such that the exercise of jurisdiction by this Court would not be inconsistent with the Constitution of the State of California and/or the United States of America.

7.      This Court has jurisdiction over this action pursuant to California Code of Civil Procedure Section 410.10.

8.      The total amount in controversy for claims of Plaintiff is more than Twenty-Five Thousand Dollars ($25,000). In addition, Plaintiff asserts no claims under federal law, with all causes of action named herein being based exclusively under California law.

**VENUE**

9.      Plaintiff is informed and believes, and based thereon alleges, that venue is proper in San Bernadino County because Defendants, and each of them, have conducted business within the County of San Bernadino and a substantial portion of the wrongful acts complained of occurred therein.

**GENERAL ALLEGATIONS**

10.      Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

*Plaintiff's Employment:*

11.      Defendants employed Plaintiff from on or about September 29, 2020, until on or about July 5, 2022 (the "Employment Period").

12.      Defendant Ruan is a logistics company and transportation provider. It has been in operation for over ninety (90) years and provides its services nationwide with over 300 operation sites and over 5,000 employees. Per its website, Ruan claims that "people are our most valuable resources." However, it appears that Ruan fails to value the safety of its employees, such as

EXHIBIT A
PAGE 19

1   Plaintiff, who complained of a number of dangerous and hostile work conditions, only to be

2   wrongfully terminated as a result thereof.

3   ***Plaintiff's Job Performance:***

4          13.    Plaintiff was hired by Defendants as a Yard Spotter to work for Ruan's third-party

5   retail customer, Target ("Target"). He was hired as a full-time employee on an hourly basis. In

6   addition to his hourly rate of pay, Plaintiff also received extensive overtime and healthcare

7   benefits such as medical, dental, and vision.

8          14.    As a Yard Spotter, Plaintiff's primary duties included repositioning trailers to

9   support the loading and unloading process, inspecting equipment to assure it is safe and ready for

10   dispatch, and ensuring compliance with all Ruan's policies and safety guidelines to ensure a

11   work environment that is free from any and all types of safety hazards, discrimination,

12   harassment, and violence.

13          15.    Plaintiff was an exemplary employee for Defendants throughout the entirety of

14   the Employment Period. He passed all exams to qualify for his position and maintained a clean

15   record throughout his employment.

16   ***Defendants' Harassing, Discriminatory, and Retaliatory Conduct:***

17          16.    Plaintiff took his duties and responsibilities seriously and was concerned for the

18   physical and mental well-being of his team. Plaintiff would diligently document any incidents

19   which he believed put the safety and/or well-being of Defendants' employees at risk.

20   Unfortunately, the very thing Plaintiff was hired to do would lead to his demise.

21          17.    On or about May 13, 2022, Plaintiff made two reports to his manager, Lionel

22   Abarca ("Abarca"). The first was reporting an encounter Plaintiff had with a driver on or about

23   May 11, 2022 wherein the driver was upset about two things. First, the driver was upset about

24   not having enough work and was displeased with how his meeting with another supervisor had

25   gone the day before, on or about May 10, 2022. Second, the driver had a conflict with another

26   worker. The driver told Plaintiff "I don't give a fuck, I am going to ram [the other employee's]

27   truck with mine and beat him until he's black and blue." Plaintiff attempted to calm the driver

28   down and told him that he cannot be saying those things about coworkers at work. Seeing that

EXHIBIT A
PAGE 20

this employee was angry, had expressed violence, and posed a potential safety risk, Plaintiff documented the whole encounter and sent his report to Abarca to ensure that the workplace remained safe and free from harassment and violence.

18.     The second report Plaintiff wrote was about an incident between two other drivers, Moise Martinez ("Martinez") and Sean Blanche ("Blanche") that occurred on or about May 12, 2022. Martinez was upset because in the system someone else received credit for a move that Martinez had performed. Plaintiff told Martinez that Plaintiff could see who claimed the move in the system and talk to them about not claiming a move they did not perform. Martinez appeared aggravated and told Plaintiff "still, it isn't right" and that Martinez took it personally.

19.     Shortly after this conversation, Plaintiff was approached by Blanche who told Plaintiff that Martinez had approached Blanche with a hammer in an aggravated manner and asked if it was Blanche who took credit for the move. Blanche stated that he did not and reported this encounter with Martinez to Plaintiff. Blanche felt threatened by Martinez due to his aggressive demeanor and because he approached Blanche wielding a hammer and Martinez was not performing any work that necessitated a hammer at that time.

20.     Plaintiff promptly reported these incidents to Abarca because Plaintiff's role is to ensure a safe workplace. Plaintiff provided a written statement along with two other witnesses to the incidents. The only response Plaintiff received was that Abarca would "look into it." No follow up ever occurred regarding these two incidents.

21.     A few days after Plaintiff and his fellow employees made these reports, each of them received a verbal warning and were written up for tardiness. Ruan's attendance policy permits workers to call off work or be late six times within a twelve-month period before disciplinary action would be taken. Plaintiff did not yet have six tardy arrivals or absences but was still written up for being late a fifth time within a twelve-month period.

22.     About three weeks later, on or about June 15, 2022, Plaintiff made two reports regarding the unsafe loading of Ruan trucks at the Target work site. Specifically, workers were loading and leaving product only on one side of the trailer, which creates a rollover hazard.

1   There were several instances prior to making this report wherein Ruan drivers almost tipped over
2   where the trucks and trailers' wheels lifted off the ground. Plaintiff raised this concern with Ruan
3   and Target and was told to just make sure the drivers walked to the back of the trailer to see if it
4   had been loaded properly before pulling out. Plaintiff pointed out this "solution" does not solve
5   the problem of the trailers being improperly loaded in the first place.

6         23.    Because nobody had given Plaintiff a real solution, on or about June 15, 2022
7   Plaintiff reported the unsafe loading practices to Ruan and Target via email and attached images
8   of the trucks being loaded improperly to one side. Plaintiff also filed a report with the
9   Occupational Safety and Health Administration ("OSHA") asking OSHA to investigate Ruan's
10  and Target's loading practices.

11        24.    The following day, on or about June 16, 2022, Plaintiff reported a yard safety near
12  miss through the Target hazard tracking portal. The near miss was reported by Plaintiff against
13  his supervisor Rita Sanchez. Plaintiff's supervisor at Ruan had illegally parked their golf cart in
14  the fire lane posing a hazard to both Plaintiff's supervisor and to the truck drivers operating in
15  that area. Not coincidentally, the very next day, on or about June 17, 2022, Plaintiff's supervisor
16  at Ruan placed Plaintiff on administrative leave for being "unprofessional."

17        25.    Plaintiff was placed on administrative leave for about two weeks while Ruan
18  investigated Plaintiff's alleged conduct. Plaintiff was not compensated in any way during this
19  time, which created financial stress for Plaintiff who was used to being paid weekly and had
20  budgeted accordingly. On or about June 30, 2022, Plaintiff sent Ruan's human resources
21  representative Gayle Essex an email asking for a status update on the investigation and inquiring
22  about being paid since he had not received any compensation during those two weeks. Gayle
23  Essex never responded to Plaintiff's email. Instead, Defendants notified Plaintiff the following
24  day, on or about July 1, 2022, that Plaintiff was being terminated effective July 5, 2022.

25        26.    Plaintiff carried out his job duties to ensure his colleagues were working in a safe
26  environment. Plaintiff documented incidents and hazards in a timely fashion. When his
27  complaints went unheard, he further sought to protect his fellow employees by filing a complaint
28  with OSHA. Ultimately, these reports led Defendants to begin unfairly scrutinizing Plaintiff's

-6-
COMPLAINT

EXHIBIT A
PAGE 22

1  attendance. Further, immediately after reporting a hazard created by a Ruan supervisor, Plaintiff
2  was placed on unpaid administrative leave to investigate his alleged "unprofessionalism"
3  towards this supervisor.

4      27.    In their final act of retaliation for Plaintiff's complaints of a hostile work
5  environment and unsafe working conditions, Defendants wrongfully terminated Plaintiff's
6  employment. When Plaintiff asked why he was being fired, Defendants told Plaintiff they did not
7  have to provide a reason because he was an "at-will" employee.

8

9                      **FIRST CAUSE OF ACTION**
10               (Retaliation in Violation of Cal. Labor Code § 1102.5
11              by Plaintiff Against Defendants and DOES 1-50)

12      28.    Plaintiff alleges and incorporates herein by this reference each and every
13  allegation set forth in all previous paragraphs of this Complaint.

14      29.    There existed an employer-employee relationship between Plaintiff and
15  Defendants during the Employment Period and, at all times herein, Plaintiff was duly qualified
16  and performed her employment duties in a satisfactory manner.

17      30.    Labor Code § 1102.5 provides protection for complainants such as Plaintiff.
18  Defendants are prohibited from discriminating against, retaliating against and/or discharging an
19  employee for disclosing information to a government agency, to a person with authority over the
20  employee or another employee who has the authority to investigate, discover, or correct the
21  violation or noncompliance, where the employee has reasonable cause to believe that the
22  information disclosed a violation of or noncompliance with a local, state, or federal rule or
23  regulation.

24      31.    As alleged herein above, in or about May and June 2022, Plaintiff submitted a
25  complaint and/or report to Defendants concerning potentially violent interactions between Ruan
26  drivers and a hazard created by a Ruan supervisor to Defendants. Plaintiff also reported the
27  unsafe loading practices of Target employees to Defendants and OSHA. In response, Defendants
28

-7-
COMPLAINT

1  provided Plaintiff with a pretextual write-up for tardiness, placed Plaintiff on administrative

2  leave, and wrongfully terminated Plaintiff's employment for carrying out his assigned duties.

3      32.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has

4  suffered and continues to suffer aggravation of his injuries, substantial losses in earnings and job

5  benefits, humiliation, emotional distress, and physical and mental pain and anguish all to his

6  damage in a sum according to proof at the time of trial.

7      33.    Plaintiff is further entitled to and hereby requests back pay and benefits pursuant

8  to Cal. Lab. Code § 98.6(b); actual damages pursuant to Cal. Lab. Code § 1105; civil penalties

9  pursuant to Cal. Lab. Code § 1102.5(f); and an award of reasonable attorneys' fees pursuant to

10  Cal. Lab. Code § 1102.5(j).

11      34.    Defendants' conduct was willful, knowing, malicious, intentional, and done in

12  reckless disregard of the damaging consequences to Plaintiff. Defendants' conduct evidenced a

13  conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory,

14  punitive, and exemplary damages in amounts according to proof at time of trial.

15

16              **SECOND CAUSE OF ACTION**

17            (Retaliation in Violation of Cal. Labor Code § 6310

18              by Plaintiff Against Defendants and Does 1-50)

19      35.    Plaintiff alleges and incorporates herein by this reference each and every

20  allegation set forth in all previous paragraphs of this Complaint.

21      36.    At all relevant times herein, there existed an employer-employee relationship

22  between Plaintiff and Defendants during the Employment Period.

23      37.    At all relevant times herein, Plaintiff was duly qualified and performed his

24  employment duties in a satisfactory manner.

25      38.    At all relevant times to this action, Cal. Labor Code § 6310 was in full force and

26  effect and was binding upon Defendants. Cal. Labor Code § 6310 prohibits an employer from

27  retaliating against employees based on the employee's oral or written complaint to any

28

EXHIBIT A
PAGE 24

1   governmental agencies having statutory responsibility for employee safety or health, their

2   employer, or their representative. (Cal. Labor Code § 6310(a).)

3       39.     On June 15, 2022, Plaintiff filed an OSHA complaint against Ruan and Target

4   concerning unsafe working conditions, specifically concerning the unsafe loading of the trucks

5   and trailers. Plaintiff was placed on administrative leave the following day and his employment

6   was terminated shortly thereafter.

7       40.     Plaintiff's June 15, 2022 OSHA complaint was a substantial motivating reason for

8   Defendants' decision to terminate Plaintiff's employment.

9       41.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and

10  continues to suffer, substantial losses in earnings and other job benefits, and will for a period of

11  time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such

12  employment and earning capacity has been diminished. The exact amount of such expenses and

13  losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact

14  amount when it is ascertained.

15      42.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered

16  general damages, as Plaintiff was psychologically injured. Such injuries have caused and

17  continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an

18  amount more than the jurisdictional limits of this Court.

19      43.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's

20  (including employees, officers, directors, and/or managing agents of Defendants) conduct was

21  willful, knowing, malicious, and intentional and done in reckless disregard of the damaging

22  consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's

23  rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary

24  damages in amounts according to proof.

25      44.     Plaintiff is informed and believes, and based thereon alleges, that the actions of

26  Defendant's employees, officers, directors, and/or managing agents were undertaken with the

27  prior approval, consent, and authorization of Defendants and were subsequently authorized and

28  ratified by it as well as by and through its officers, directors, and/or managing agents.

EXHIBIT A
PAGE 25

**THIRD CAUSE OF ACTION**

(Retaliation in Violation of Cal. Labor Code § 232.5 by Plaintiff Against Defendant and
DOES 1-50)

45.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

46.     At all relevant times herein, there existed an employer-employee relationship between Plaintiff and Defendants during the Employment Period.

47.     At all relevant times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

48.     At all relevant times herein, California Labor Code § 232.5 was in full force and effect and was binding on Defendants.

49.     California Labor Code § 232.5(c) prohibits employers from discharging, formally disciplining, or otherwise discriminating against employees who disclose information about the employer's working conditions.

50.     The events described herein constitute a violation of California Labor Code § 232.5(c), to wit, Defendants terminated Plaintiff for the disclosure of information to his superiors, supervisors, and/or human resources pertaining to Defendants' unsafe working conditions (i.e., the near miss, and unsafe loading of trucks), an action expressly prohibited by this statute.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused and

EXHIBIT A
PAGE 26

1  continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an
2  amount more than the jurisdictional limits of this Court.

3        53.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's
4  (including employees, officers, directors, and/or managing agents of Defendants) conduct was
5  willful, knowing, malicious, and intentional and done in reckless disregard of the damaging
6  consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's
7  rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary
8  damages in amounts according to proof.

9        54.    Plaintiff is informed and believes, and based thereon alleges, that the actions of
10  Defendant's employees, officers, directors, and/or managing agents were undertaken with the
11  prior approval, consent, and authorization of Defendants and were subsequently authorized and
12  ratified by it as well as by and through its officers, directors, and/or managing agents.

13

14                                 **FOURTH CAUSE OF ACTION**

15                 (Wrongful Termination in Violation of Public Policy (Count I)

16                    by Plaintiff Against Defendants and Does 1-50)

17        55.    Plaintiff alleges and incorporates herein by this reference each and every
18  allegation set forth in all previous paragraphs of this Complaint.

19        56.    At all relevant times, there existed an employer-employee relationship between
20  Plaintiff and Defendants, and at all times herein, Plaintiff was duly qualified and performed his
21  employment duties in a satisfactory manner.

22        57.    Defendants' termination of Plaintiff's employment was in violation of
23  fundamental public policies articulated in California Labor Code § 1102.5. Specifically, it is
24  wrongful to terminate an employee in retaliation for disclosing information to a person with
25  authority over the employee or another employee who has the authority to investigate, discover,
26  or correct the violation or noncompliance, where the employee has reasonable cause to believe
27  that the information disclosed a violation of or noncompliance with a local, state, or federal rule
28  or regulation. (Cal. Lab. Code § 1102.5).

EXHIBIT A
PAGE 27

58.   At all relevant times, California Labor Code § 1102.5 was in full force and effect and binding upon Defendants.

59.   Plaintiff's reporting of incidents that created a hostile work environment and/or unsafe working conditions as alleged herein above made to OSHA, Abarca, and/or human resources as agents with the authority to investigate and/or correct violations or noncompliance were substantial motivating reasons for the termination of Plaintiff's employment.

60.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

61.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

62.   Plaintiff is informed and believes, and based thereon alleges, that Defendant's (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

63.   Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

EXHIBIT A
PAGE 28

**FIFTH CAUSE OF ACTION**

(Wrongful Termination in Violation of Public Policy (Count II)

by Plaintiff Against Defendants and Does 1-50)

64.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

65.     At all relevant times, there existed an employer–employee relationship between Plaintiff and Defendants, and at all times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

66.     At all applicable times herein, California Labor Code § 6310 was in full force and effect and binding on Defendants.

67.     Defendants' termination of Plaintiff's employment was in violation of fundamental public policies, articulated in California Labor Code § 6310. Specifically, Labor Code § 6310 prohibits an employer from discharging an employee for making an oral or written complaint to a governmental agency having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative. (Cal. Labor Code § 6310(a).)

68.     Plaintiff's June 15, 2022 OSHA complaint was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

69.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

70.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

EXHIBIT A
PAGE 29

71.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

72.     Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

### SIXTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy (Count II)

by Plaintiff Against Defendants and Does 1-50)

73.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

74.     At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants, and at all times herein, Plaintiff was duly qualified and performed his employment duties in a satisfactory manner.

75.     At all applicable times herein, California Labor Code § 232.5 was in full force and effect and binding on Defendants.

76.     Defendants' termination of Plaintiff's employment was in violation of fundamental public policies, articulated in California Labor Code § 232.5. Specifically, Labor Code § 232.5 makes it is wrongful to terminate an employee in retaliation for disclosing information about work conditions.

77.     Plaintiff's complaint to Abarca and/or the human resources department pertaining to Defendants' unsafe working conditions (i.e., the near miss, and unsafe loading of trucks), was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.

EXHIBIT A
PAGE 30

78.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

79.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

80.   Plaintiff is informed and believes, and based thereon alleges, that Defendant's (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

81.   Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

## UNDER THE FIRST CAUSE OF ACTION

1.   For compensatory, consequential, general and special damages, subject to proof;

EXHIBIT A
PAGE 31

2.  Back pay and benefits pursuant to Labor Code § 98.6(b), actual damages pursuant to Labor Code § 1105; and civil penalty(s) pursuant to Labor Code § 1102.5(f), subject to proof;

3.  For an award of reasonable attorneys' fees pursuant to Labor Code § 1102.5(j);

4.  For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

5.  For interest according to law;

6.  For costs of suit incurred herein; and

7.  For such other and further relief that the Court may deem just and proper.

## UNDER THE SECOND CAUSE OF ACTION

1.  For compensatory, consequential, general, and special damages, subject to proof;

2.  For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3.  For reinstatement and reimbursement of lost wages and work benefits pursuant to Labor Code § 6310;

4.  For interest according to law;

5.  For costs of suit incurred herein; and

6.  For such other and further relief that the Court determines to be just and proper.

## UNDER THE THIRD CAUSE OF ACTION

1.  For compensatory, consequential, general, and special damages, subject to proof;

2.  For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3.  For interest according to law;

4.  For costs of suit incurred herein; and

5.  For such other and further relief that the Court determines to be just and proper.

## UNDER THE FOURTH CAUSE OF ACTION

1. For all compensatory, consequential, general and special damages, subject to proof;

2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3. For interest according to law;

4. For costs of suit incurred herein; and

5. For such other and further relief that the Court determines to be just and proper.

## UNDER THE FIFTH CAUSE OF ACTION

1. For all compensatory, consequential, general, and special damages, subject to proof;

2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3. For interest according to law;

4. For costs of suit incurred herein; and

5. For such other and further relief that the Court determines to be just and proper.

## UNDER THE SIXTH CAUSE OF ACTION

1. For all compensatory, consequential, general, and special damages, subject to proof;

2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;

3. For interest according to law;

4. For costs of suit incurred herein; and

5. For such other and further relief that the Court determines to be just and proper.

//
//
//
//

EXHIBIT A
PAGE 33

1  Dated: January 25, 2023                    MARQUEE LAW GROUP, APC

2

3                                             By: _____

4                                                 Gary S. Brotman, Esq.
                                                  Conor James Diego Gómez, Esq.
5                                                 Attorneys for Plaintiff Brandon Lane

6

7                        **DEMAND FOR JURY TRIAL**

8         PLAINTIFF hereby demands a jury trial with respect to all issues triable in the

9  Complaint.

10

11  Dated: January 25, 2023                   MARQUEE LAW GROUP, APC

12

13                                            By: _____

14                                                Gary S. Brotman, Esq.
                                                  Conor James Diego Gómez, Esq.
15                                                Attorneys for Plaintiff Brandon Lane

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-<br>COMPLAINT

EXHIBIT A<br>PAGE 34